WILL OF EVENSON: RUST and others, Appellants, vs. EVENSON, Administrator, Respondent.

*November 19—December 7, 1915.*

*Trusts and trustees: Validity of trusts in personal property: Public charitable trusts: Definiteness: Wills.*

1. Where a trust is in personal property only, the statute of uses and trusts (sec. 2081, Stats.) does not apply.
2. A trust in personal property is valid if it is for a lawful purpose and is sufficiently definite and certain so that a court can deal with and enforce it in the exercise of its judicial functions.
3. Public trusts created by will, charitable in their nature and for the benefit of certain classes, whether in real or personal prop-

erty, are necessarily somewhat indefinite and vague and the individuals can never be named; but if the class and the general limits of the testator's purpose be ascertainable by any reasonable means, his wishes will be carried out by the courts.

4. Bequests to an incorporated church synod to be used and applied for the benefit of certain incorporated and unincorporated charitable and educational organizations within or under the control of the synod, and bequests to separately incorporated educational institutions conducted in the interest and under the auspices of the synod, are *held* to be valid public trusts.

5. A provision in the will authorizing the synod to declare forfeited the last-mentioned bequests in case the said institutions ceased to be conducted in the interest and under the auspices of the synod, was valid.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This is a proceeding for the construction of the will of Ouden Evenson. It was commenced in the county court and the judgment rendered in that court was affirmed upon appeal by the circuit court.

After making certain minor bequests the will in question contains the following provisions which are claimed by the appellants (the residuary legatees) to be invalid:

"VIII. I give, devise and bequeath to 'The Synod for the Norwegian Evangelical Lutheran Church in America' the hereinafter named sums of money, which shall constitute so many legacies as the institutions belonging to and owned and conducted by said Synod hereinafter named and described, and indicated in order by the letters a, b, c, d, e, and f under this eighth provision of my will. Said legacies shall bear my name and the name of my deceased wife, Randine Evenson, and be used and applied for the purposes and in the manner hereinafter stated, to wit:

"A. Three thousand dollars ($3,000) to the Church Extension Fund of said Synod, said sum of money to be lent to congregations for a term of six years provided so long a time is asked for, and for each and every loan the best security must be demanded and obtained.

"B. One thousand dollars ($1,000) to the Home for the Old People erected and conducted by said Synod near Stough-

ton, Dane Co., Wisconsin. The interest of said money to be used for the support of said Home.

"C. One thousand dollars ($1,000) to the Martin Luther Orphans' Home, owned and supported by said Synod, and situate near Stoughton, Dane Co., Wisconsin. The interest of said money to be used for the support of said Home.

"D. One thousand dollars ($1,000) to the Mission for Seamen in such parts as said Synod shall select. The interest of such money to be used for the support of said Mission.

"E. Two thousand dollars ($2,000) to the Norwegian Luther College of Decorah, Iowa, owned and supported by said Synod, and incorporated under the laws of the state of Iowa, the members of said corporation being the same as the members of said Synod. The interest of said money shall annually be used for the aid and support of one or more worthy farmers' sons studying at said college, providing they shall be in need of such aid and support. Preference in awarding the annual interest of said money shall be shown farmers' sons from the eastern district of said Synod.

"F. Two thousand dollars ($2,000) to the Luther Seminary in Hamline, St. Paul, Minnesota, owned and supported by said Synod. The interest of said money shall annually be used for the aid and support of one or more worthy farmers' sons studying at said seminary, provided they shall be in need of such aid and support. Preference in awarding the annual interest of said money shall be shown farmers' sons from the eastern district of said Synod.

"IX. I give, devise and bequeath to the hereinafter named institutions having separate incorporations, but created and conducted in the interest of and under the auspices of the Synod for the Norwegian Evangelical Lutheran Church in America, the following sums of money, to wit:

"To Gale College situate in Galesville, county of Trempealeau, and state of Wisconsin, two thousand dollars ($2,000), the annual interest of which money shall be used for the aid and support of one or more worthy farmers' sons, who shall be in need of such aid and support, and who shall be members of congregations belonging to the eastern district of aforesaid Synod.

"To H. A. Preus Academy situate in Albion, county of Dane, and state of Wisconsin, two thousand dollars ($2,000),

the annual interest of which money shall be used and applied for the same purpose and in the same manner as mentioned above under Gale College. These two above mentioned bequests shall constitute so many legacies bearing my name and the name of my deceased wife, Randine Evenson.

"In case, however, said institutions, Gale College and H. A. Preus Academy, or any or either of them, shall cease to be run and conducted in the interest and under the auspices of said Synod, and shall cease to remain under the control of and be operated by members of congregations belonging to and connected with said Synod, said Synod shall be empowered and it is hereby empowered to declare, adjudge and decree the above named legacies, mentioned in this ninth provision of my will, forfeit. And when any or both of the said legacies shall be declared forfeit, such legacy or legacies, as the case may be, shall, and it is so hereby ordered, constitute one legacy bearing my name and the name of my said deceased wife, and the annual interest of said legacy shall be used for the benefit and support of the Inner Mission of the eastern district of said Synod.

. . . . . . . . . . . . . . . .

"XI. All the rest or remainder, if any, of my estate which shall be left after the foregoing provisions shall be executed and provided for I give, devise and bequeath to the Synod for the Norwegian Evangelical Lutheran Church in America to constitute a legacy bearing my name and the name of my deceased wife, Randine Evenson, the annual interest of said legacy to be equally divided between the Gonner Mission of the eastern district of said Synod and the Outer Mission of said Synod and used for the support of said Mission. But if said rest or remainder shall be more than four thousand dollars ($4,000), such excess or overplus shall be equally divided between my two brothers, Ole and Gulbrand, or their heirs, and John Torgerson and Elsie Hulberg or their heirs."

It appears by the evidence that the Synod of the Norwegian Evangelical Lutheran Church in America is a corporation; that the bodies named in subdivisions A, B, C, and D of paragraph VIII are unincorporated organizations within the Synod, created by and under its direction, the work of each being charitable work along the lines suggested by

its name; that the educational institution named in subdivision E is an incorporated institution and the one named in subdivision F is unincorporated, but both are under the control of the Synod, which directs their policies and makes contributions to their support; that the institutions referred to in paragraph IX are incorporated and that their legal names are "Gale University" and "H. A. Preus Lutheran Academy" respectively, but that they are frequently called by the names used in the will; that the Synod has no absolute control over them, but makes yearly contributions to each so long as it conforms to the policy of the Synod, and also that it exercises visitorial jurisdiction over them.

It was held by both county and circuit courts that the bequests attacked were valid.

For the appellants there was a brief signed by *Bentley, Kelley & Hill,* and oral argument by *Frank R. Bentley.*

*John F. Doherty* (attorney for the administrator) and *James Thompson* (attorney for the Synod), for the respondent.

WINSLOW, C. J.    The trusts created by this will are trusts in personal property alone, not in real estate, hence the statute of uses and trusts (sec. 2081, Stats.) has no application to them.    *McWilliams v. Gough,* 116 Wis. 576, 93 N. W. 550, and cases cited.    No reason is perceived why most if not all of the trusts contained in the will would not be valid as charitable trusts even if they were trusts in real estate under the doctrines so fully set forth in the cases of *Dodge v. Williams,* 46 Wis. 70, 1 N. W. 92, 50 N. W. 1103; *Harrington v. Pier,* 105 Wis. 485, 82 N. W. 345; *Becker v. Chester,* 115 Wis. 90, 91 N. W. 87, 650; *Kavanaugh v. Watt,* 143 Wis. 90, 126 N. W. 672; *Richtman v. Watson,* 150 Wis. 385, 136 N. W. 797.    As they are personal property trusts, however, it is unnecessary to decide the question.

All that is required of a valid trust in personal property

is that it shall be for a lawful purpose and be sufficiently definite and certain so that a court can deal with it in the exercise of its judicial functions and enforce it.    The trusts before us are plainly not private trusts but public trusts charitable in their nature and for the benefit of certain classes; such trusts, whether in real or personal property, are necessarily somewhat indefinite and vague.    The individuals can never be named, but if the class and the general limits of the testator's purpose be ascertainable by any reasonable means the wishes of the testator will be carried out by the courts.    Were the trusts private trusts different considerations would arise.

.We see no reason to doubt the validity of the provision in paragraph IX authorizing the Synod to declare forfeited the bequests to Gale College and the Preus Academy in case those institutions cease to be conducted in the interest and under the auspices of the Synod.

*By the Court.*—Judgment affirmed.