HARRY R. WARD, APPELLANT, V. BANKERS LIFE COMPANY ET AL., APPELLEES.

FILED MAY 13, 1916. No. 18917.

1. Judgment: VALIDITY: JURISDICTION. In a suit on an insurance policy naming a trustee for insured's minor son as beneficiary, the guardian of the latter being plaintiff and the insurer and the trustee holding the insurance contract being defendants, a judgment ordering the trustee to deliver the policy to plaintiff and requiring insurer to pay the insurance to plaintiff upon surrendering the policy is void as to the trustee, if based alone on service outside of the state, though insurer offered to pay into court the fund in controversy.

2. Insurance: ACTION ON POLICY: PARTIES. A trustee for the minor son of insured, when thus designated in a life insurance policy as beneficiary, is the proper party to maintain an action for the unpaid insurance. Rev. St. 1913, secs. 7582, 7585.

3. ———: ———: ATTORNEY'S FEES. The statute allowing plaintiff a reasonable sum as an attorney's fee in an action to recover insurance is applicable to contracts executed before its enactment. Rev. St. 1913, sec. 3212.

APPEAL from the district court for Douglas county: ABBRAHAM L. SUTTON, JUDGE. Reversed.

Carl E. Herring, for appellant.

I. M. Earle, John H. Grossman and I. N. Flickinger, contra.

ROSE, J.

This is an action on a life insurance policy. The insured, Nevada O. Ward, died August 8, 1912, the amount due the beneficiaries being $2,030. When executed, the policy was payable to Mary E. Ward, the wife of insured, but it was changed July 19, 1911, for the benefit of their two sons, one-half of the insurance being payable to Lawrence Ward, and the remainder to plaintiff in trust for Elmer B. Ward, a minor. The insurer paid to Lawrence Ward the amount due him on the policy. The remainder of the insurance is the subject of litigation between the mother as guardian and the plaintiff as trustee. In the probate court of Pottawattamie county, Iowa, Mary E. Ward was appointed guardian of her minor son, Elmer B. Ward, and in the district court for that county instituted an action against the insurer and the plaintiff herein to collect the remainder of the insurance due, on the theory that the trust was passive and that the legal title to the insurance vested in the minor upon the death of the insured. In its answer the insurer offered to pay into court the amount due on the policy. A summons issued from the Iowa court was served on plaintiff in Omaha, Nebraska, but he made no appearance in that tribunal. A judgment therein directed plaintiff herein to surrender and deliver to Mary E. Ward the insurance certificate held by him, and allowed a recovery of $1,015 from the insurer upon surrender of the certificate. In the district court for Douglas county the present suit was brought by Harry R. Ward, as trustee, to recover from the insurer for the benefit of the minor the remainder due on the policy. In this action Mary E. Ward intervened and pleaded the Iowa judgment as a bar, alleging that plaintiff herein was trustee representing a mere passive trust, and that she was guardian of Elmer B. Ward, the beneficiary of the trust. From a judgment in favor of defendant and intervener, plaintiff has appealed.

Plaintiff contends that the Iowa court had no jurisdiction to enter the judgment rendered. Intervener argues

that, since the insurer, by its answer, offered to pay the money into the Iowa court, that tribunal had jurisdiction of the *res,* and that the constructive service was sufficient. The law seems to be that the action was not *in rem,* and that in the absence of a valid personal service or an appearance the Iowa court was without jurisdiction to render judgment against the trustee. *Cross v. Armstrong,* 44 Ohio St. 613; *Washington Life Ins. Co..v. Gooding,* 19 Tex. Civ. App. 490.

It is argued that the tender made by the insurer conferred upon the Iowa court the same jurisdiction it would have acquired had the fund been impounded by garnishment. *Mooney v. Union P. R. Co.,* 60 Ia. 346. In the case cited a debt owing by a railroad company to an employee in Nebraska had been garnished in Iowa. There was service by publication. It was held that the debt was property of the nonresident within the jurisdiction of the Iowa court and that constructive service could be based thereon. In the case which intervener brought in Iowa, plaintiff herein made no claim to any specific real or personal property in Iowa. There was no debt owing to him by a resident of that state, if intervener's contention upon the merits was well founded. It was not an action to impound a debt owing to a nonresident, but an action to obtain an adjudication that there was no debt owing to him. *Cross v. Armstrong,* 44 Ohio St. 613.

Is the trustee the proper plaintiff? The insurance was payable one-half to Lawrence Ward and the remainder to plaintiff in trust for Elmer B. Ward. It is insisted by intervener that there were no duties to be performed by the trustee; that the trust was passive; that the legal title to the fund vested at once in the beneficiary, and that as his guardian the intervener is entitled to the insurance. The statute of uses did not apply to a trust in personal property, and consequently the legal title thereto did not vest in the *cestui que trust. Denton v. Denton,* 17 Md. 403; *In re Hagerstown Trust Co.,* 119 Md. 224; *Ure v. Ure,* 185 Ill. 216; *Smith v. Smith,* 254 Ill. 488; *Rust v. Evenson,* 161

Wis. 627. While it has been held that the statute of uses was not adopted in this state, equity has power to compel the trustee of a passive trust to transfer the property to the *cestui que trust*. *Hill v. Hill,* 90 Neb. 43. That has not been done. Plaintiff was the proper party to maintain this action. While the statute requires every action to be brought in the name of the real party in interest, it also provides that the trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted. Rev. St. 1913, secs. 7582, 7585.

On the record presented the trustee was the proper plaintiff and was entitled to judgment. He made application to the district court for a reasonable sum as an attorney's fee. Rev. St. 1913, sec. 3212. The insurer has not been neutral in the litigation, but has resisted the claim of plaintiff. It has been shown that $100 would be a reasonable attorney's fee, and it should be allowed, though the statute authorizing it was enacted after the insurance policy was executed. *Nye-Schneider-Fowler Co. v. Bridges, Hoye & Co.,* 98 Neb. 863.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, J., not sitting.

SEDGWICK, J., not participating.