Giblin v. Giblin, 173 Wis. 632.

---

GIBLIN, Appellant, vs. GIBLIN and others, Respondents.

*March 8—April 5, 1921.*

*Deeds: Possession in grantee: Presumption: Consideration: Tenancy in common: Adverse possession by one cotenant: Circuit courts: Jurisdiction to construe wills: Perpetuities: Devise to bishop to found new church: Certainty of devisee: Devise on condition.*

1. Where one of several heirs of the record owner of land claimed the equitable interest therein because she had furnished the money to pay therefor, and after the owner's death took possession of the property, paid the taxes, and collected the rents

without accounting to the other heirs, all but one of whom deeded their interests to her, the interest of that heir, if any, was barred by the lapse of more than fifty years since possession of the property was so taken and held.

2. Where a deed was found in the possession of the grantee after her death, the presumption of delivery of the deed is not rebutted merely by a showing that the grantors had access to the place where the grantee kept the deed, since evidence to rebut the *prima facie* effect of the grantee's possession must be clear and satisfactory.

3. Such possession by the grantee creates a presumption that there had been an actual delivery of the deed.

4. Where deeds recite a consideration and are under seal, a consideration is presumed in the absence of evidence that there was none.

5. The special jurisdiction of county courts for the construction of wills in pending probate proceedings does not supersede or suspend the jurisdiction of the circuit court to construe such wills when all the parties are before it.

6. A devise of real property to a bishop or his successor, with power to sell the property and use the proceeds for the founding of a new church, is a gift to a definite devisee and is not a perpetuity.

7. A devise to "St. Paul's Roman Catholic *Church* of Beloit" of the "mortgage which I now hold against the said church" sufficiently designates the devisee, although there was no corporation of that name in the city, where the testatrix was the owner of a mortgage executed by St. Paul's Roman Catholic *Congregation* of Beloit, which was the only St. Paul's Roman Catholic congregation in that city.

8. A devise of real estate to a university on condition that it care for the tomb of the testatrix for all time is merely a conditional devise and not a perpetual trust, and is valid regardless of whether the university has authority to accept a perpetual trust. *State Historical Society v. Foster,* 172 Wis. 155, followed.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action for the partition of three lots in the city of Beloit. Plaintiff is the granddaughter of Paul Broder, Sr., and claims through her mother, Margaret Giblin, *née* Margaret Broder. Paul Broder, Sr., emigrated from Ireland to this country in 1850. At the time of his death some time prior

to 1867 his family consisted of his oldest son, James H., who died in 1867; his wife, Alice C., who died in 1875; his son Paul, Jr., who died December 14, 1881; his daughter Mary, who died December 11, 1901; his daughter Margaret, mother of plaintiff, who died December 14, 1902; his daughter Catherine, who died May 5, 1905; his daughter Alice B., who died February 23, 1918; and his daughter *Ann Mallams,* who is still living. Paul Broder, Sr., and his wife acquired no property of any consequence and in their later years were supported by their children. The sisters Alice, Mary, and Catherine early went into the millinery business in Beloit and later had shops in some of the near-by cities. Alice was the head of the business and it was conducted in her name. There is evidence to the effect that she furnished the money to pay for the first two lots which were bought in the name of James H. Broder, who held the record title to them at the time of his death in 1867. The record title to the third lot was held by Paul Broder, Jr., at the time of his death in 1881. Due administration upon the estate of Paul Broder was had and his title at an administrator's sale was purchased by Catherine Broder, who subsequently conveyed it to Alice Broder. After the death of James H. Broder, Alice Broder acquired by deed the title of all her sisters and brothers to his property except that of her sister Margaret Giblin. In 1888 or 1889 and again a year or two before the death of the latter, or about in 1900, Alice tried to obtain a deed from her but did not succeed. At no time while the Broders lived in Beloit was Margaret Giblin a member of the Broder family. She was married in the East and lived nearly all her lifetime in Jefferson county, this state. She had actual as well as constructive notice that Alice was claiming the property adversely and that her possession was open, exclusive, and adverse to her. Alice in the last interview with her told her that she did not need a deed from her but preferred to get one, and that never would Margaret get any of the property. From the time James H.

Broder died Alice took possession of the property, made valuable improvements upon it, paid all the taxes, and used the proceeds of the rent as her own. Neither Margaret nor any of her children made any claim to the property till after the death of Alice in 1918, when this action was begun. From the above facts found by the court it held that Alice Broder at the time of her decease was the owner of the property described in the complaint and that the plaintiff and those claiming under Margaret Giblin had no interest therein. The court also construed the will of Alice Broder and held certain bequests therein valid as against plaintiff and those who claim under Margaret Giblin. The bequests will be referred to in the opinion. From a judgment entered accordingly dismissing the action upon the merits the plaintiff appealed.

For the appellant there was a brief by *Frank R. Bentley* of Baraboo, attorney, and *Charles E. Pierce* of Janesville, of counsel; and the cause was argued orally by *Mr. Bentley.*

For the respondents there was a brief by *Woolsey & Arnold* of Beloit and *Nolan & Dougherty* of Janesville, and oral argument by *T. W. Woolsey* and *W. H. Dougherty.*

VINJE, J. The facts found by the court as briefly outlined in the above statement are not in dispute except in so far as they may allege conclusions, and they sustain the result reached as to adverse possession for reasons stated in *Hahn v. Keith*, 170 Wis. 524, 174 N. W. 551, and in cases there cited. That case rules this as to the question of adverse possession against tenants in common. We have here a case where for thirty-five years the mother, with full knowledge of all the facts, living in a near-by city, made no claim in her lifetime for an accounting or a share in the property or its rentals, and her children for fifteen years more remained silent as to any claim on their part. During all that time Alice managed, used, and improved the property, claiming it as her own to the exclusion of Margaret and her chil-

dren.    It is peculiarly a case where acts speak more effectively than words.    Title by adverse possession is founded upon the salutary principle that claims, if not seasonably made, will be held to be waived.    The law allows twenty years for the making of such claims.    Here fifty years and more have elapsed since they first ripened through the death of James H. Broder in 1867, if he in fact held the equitable as well as the legal title at the time he died—a fact not shown by the testimony.

Plaintiff also makes claim as the heir of Catherine and Mary on the ground that no delivery of the deeds from them and *Ann Mallams* to Alice is shown.    The evidence discloses that after the death of Alice these deeds were found in a basket in a bedroom closet in the house in which Alice, Catherine, Mary, and *Ann Mallams* lived.    The basket contained other valuable papers belonging to Alice.    The only evidence claiming to rebut the presumption of delivery is that given by *Ann Mallams,* who makes no claim to any of the property except under the will of Alice, to the effect that she, Mary, and Catherine could have gone to the basket at any time had they desired, but that she did not meddle with Alice's papers and she presumed her sisters did not meddle either.    The presumption of delivery of deeds found in the possession of a deceased person is not rebutted by showing that the grantors had access to the place where the grantee kept them, for evidence necessary to rebut the *prima facie* effect of the grantee's possession must be clear and satisfactory.    *Chase v. Woodruff,* 133 Wis. 555, 113 N. W. 973.    If there has been an actual delivery of a deed—and possession thereof by the grantee presumes that there has,—then the fact that the grantor has access to the place where the grantee keeps it is immaterial.    Indeed, the grantee may redeliver it to the grantor for safe keeping without affecting the validity of the delivery.    So we conclude that there was a valid delivery of the deeds from Catherine and Mary to Alice.

The deeds recite a consideration, are under seal, and in

the absence of evidence that there was no consideration one is presumed. The fact that *Ann Mallams* did not know whether there was a consideration does not disprove the presumption that there was one.

Alice Broder died testate and her estate is being probated in the county court of Rock county. Certain devises in her will are challenged on the part of plaintiff, who claims they are invalid and therefore she takes as heir. These devises are subject to a life estate in *Ann Mallams*. Since the special jurisdiction of county courts for the construction of wills does not supersede or suspend that of circuit courts (*Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304), since all the parties are before us and all the evidence is here, we shall briefly discuss and determine the construction to be given to the will of Alice Broder in so far as it affects the questions raised by the partition action.

The first devise challenged is of one lot to *Bishop Muldoon* of Rockford, Illinois, or to his successor in office. It reads:

"I give and devise unto the *Right Reverend Bishop Muldoon,* of Rockford, Illinois, or his successor in office, the following real estate [describing it], with power to sell and dispose of the same and to use the proceeds thereof for the purpose of establishing a church in South Beloit, Illinois, said church to go by the name of St. Peter and St. James Catholic Church."

*Bishop Muldoon* has in writing accepted the devise and agreed to carry out its object.

It is argued that the devise violates the rule against perpetuities as declared in sec. 2039, Stats. How it does is not pointed out and we are unable to discover its invalidity in that respect. The devise expressly empowers the devisee to' sell at any time after the devise takes effect, and the object of the devise is sufficiently certain and definite to permit execution. The fact that the new church was not in being at the time the devise was made does not invalidate the gift. The

gift was to *Bishop Muldoon,* not to the new church. So
there was a definite devisee in being capable of taking at the
time the will was made. It is shown by the evidence that
the Bishop has the power to create new churches and his
acceptance of the trust implies that he will create the one
mentioned in the devise.

The next two devises challenged are: "I give and devise
lot number four (4) in Hackett's Addition to Beloit, Rock
county, Wisconsin, according to the recorded plat thereof,
unto the St. Paul's Roman Catholic *Church* of Beloit, Wis-
consin, with power to sell and convey the same and use the
proceeds thereof for church purposes," and "I give, devise
and bequeath unto the St. Paul's Roman Catholic *Church*
of Beloit, Wisconsin, the mortgage which I now hold against
the said church."

The claim that the first devise violates sec. 2039, Stats.,
is as unfounded as the claim that the devise previously con-
sidered violated it. It appears from the evidence that there
was no corporation by the name designated in the devise,
but that there was a corporation named St. Paul's Roman
Catholic *Congregation* of Beloit and that it was the mort-
gagor of the mortgage mentioned in the second devise. This
without other evidence sufficiently designates the devisee. It
was also in evidence that there was only one St. Paul's Cath-
olic congregation in Beloit. No one did or could mistake
who was intended to take, so the claim that the devise is void
for lack of definiteness fails.

The last devise we shall discuss is one reading:

"I give and bequeath unto *Marquette University of Mil-
waukee* that part of lot 4, block 60, . . . upon condition,
however, that the said *Marquette University* shall agree to
take charge of my tomb situate in Beloit city cemetery, keep
the same in repair, and pay all lawful charges, assessments,
and expenses against the same for all time."

It is urged this created a perpetual trust and that *Mar-
quette University* cannot accept such a trust. We shall not

inquire into the question of whether or not it can accept a perpetual trust for the reason that none is created by the devise. It is a devise with a condition, and the condition has been agreed to in writing by the *University*. No trust is created. The property devised may be sold without being burdened with the condition. That remains the individual agreement of *Marquette University,* to be enforced in case of a breach like any other individual obligation. The devise comes within the principle discussed in *State Historical Society v. Foster,* 172 Wis. 155, 177 N. W. 16, being one subject to a condition but creating no trust. There the taking by plaintiff was held to be subject to the payment of an annuity to Mrs. Burrows but creating no trust to be executed on the part of plaintiff.

Since the devises attacked by plaintiff are held to be valid, it becomes unnecessary to determine the validity of the residuary clause in the will.

*By the Court.*—Judgment affirmed.

ROSENBERRY, J., dissents.