Tharp v. Seventh Day Adventist Church, 182 Wis. 107.

THARP and others, Respondents, vs. SEVENTH DAY ADVENTIST CHURCH and another, Appellants.

*September 20—December 11, 1923.*

*Trusts: Definiteness in designating beneficiary: Bequest to "Seventh Day Adventist Church:" Cy pres.*

1. An action calling for the construction of a will is an exception to the rule that, notwithstanding the circuit court has concurrent jurisdiction with the county court, it will refuse to assume jurisdiction unless lack of power to grant adequate relief in the county court is clearly shown. p. 111.
2. A bequest in trust for the benefit of the "Seventh Day Adventist Church," to be used principally for the publication and distribution of tracts and literature teaching its doctrine, and to be paid to the ";proper trustees" of said church, is void for

uncertainty in view of the various organizations of the church, the absence of any local church, the fact that testator was not a member or attendant of any such church, etc. p. 111.

3. The doctrine of *cy pres* does not obtain in this state.   p. 112.

4. The beneficiary of a trust must be designated with reasonable certainty or the trust fails.   p. 112.

   ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Sawyer county: JAMES WICKHAM, Circuit Judge.   *Affirmed.*

Action begun in the circuit court to construe the will of Jackson Tharp, deceased, who died leaving a will containing among others the following provision:

"I give, devise, and bequeath all of my property, real, personal, or mixed, of whatever kind and wherever situated, to J. M. Smith of Shell Lake, Wisconsin, as trustee and in trust for the following express purposes, to wit: . . . All the rest, residue, and remainder of my estate of every kind and nature to be held by my said trustee for the benefit of the *Seventh Day Adventist Church,* to be used principally for the publication and distribution of tracts and literature teaching its doctrine.   One thousand dollars to be paid to the proper trustees of the said church on the 21st day of October of each calendar year for nineteen (19) years and the balance then remaining to be paid on the 21st day of October of the twentieth year after my decease."

As facts the trial court found:

"That the Seventh Day Adventists constitute an unincorporated religious denomination whose members maintain numerous church buildings for religious worship throughout the country and in most of the other countries of the world.   Said members also maintain numerous organizations, both incorporated and unincorporated, but the words 'Seventh Day Adventist Church' do not designate nor identify any special or particular corporation, society, or organization.   The local church organization is unincorporated and has as its officers an elder, a deacon, a clerk, a treasurer, and a missionary secretary.   There are incorporated in each state in this country one or more corporations, each called a 'Conference,' which holds the title to all Adventists Church

property within certain designated territory. There are two such corporations in this state, one of which is the defendant *North Wisconsin Conference Association of Seventh Day Adventists,* which holds the title to forty-four church buildings located in the Northern Peninsula of Michigan and in the northern part of this state including Sawyer county, the south line of this territory being the south line of Chippewa county. Various union conferences, each covering the territorial jurisdiction of several local conferences, are also incorporated, one of such union conferences being the 'Lake Union Conference Association of Seventh Day Adventists,' incorporated in the state of Michigan and having territorial jurisdiction covering the states of Wisconsin, Michigan, Illinois, and Indiana. One general conference, called 'General Conference of Seventh Day Adventists,' located at Washington in the District of Columbia, is also incorporated, having territorial jurisdiction throughout the world. Each of these corporations owns in its own right certain property, and each of them, as well as the local church organizations and other persons, engage in the practice of distributing tracts and literature teaching the doctrine of the Seventh Day Adventists. Most of said tracts and literature are printed by certain other corporations affiliated with the corporations above mentioned. The power and jurisdiction of the union conference over the local conference, and the power and jurisdiction of the general conference over the union conference, is of an advisory character only and is not compulsory either as to matters of discipline, local government, or religious doctrine, and therefore the practices, methods, and teachings of the various local conferences are not necessarily the same. All of the facts found to exist by this finding have continued to exist since the time of the making of said will. That Jackson Tharp, during his lifetime, was not a member of said Seventh Day Adventists nor a member nor an attendant of any of its local churches nor of any of said corporations. That no such local church existed in the vicinity of his residence at the time of the making of his will, although some such churches existed in neighboring communities in an adjoining county."

As conclusions of law the court held that the trust in be-

half of the *Seventh Day Adventist Church* was "invalid, void, and incapable of execution for the following reasons:

"(a) Because it is impossible to determine from the provisions of the will, in the light of surrounding circumstances, what particular corporation, person, or organization the testator intended should receive said property. (b) Because as a private trust, in addition to its failure to identify the intended beneficiary, the trust is not fully expressed nor clearly defined by the terms of the instrument creating it; and (c) Because as a charitable or public trust, in addition to the failure to identify the intended beneficiary, no method is provided by said will to ascertain or determine what part, portion, or percentage of said bequest was intended to constitute the principal portion thereof or how the balance thereof should be used, or expended, and, because no power to designate the particular charitable or public purpose or purposes to be promoted thereby is given by the will to said J. M. Smith, trustee, or to any other person or persons."

From a judgment entered accordingly the defendants *Seventh Day Adventist Church* and the *North Wisconsin Conference Association of Seventh Day Adventists* appealed.

For the appellants there was a brief by *L. J. Jones* of Spooner and *Henry G. Middaugh* and *Arthur R. Smythe,* both of Duluth, and oral argument by *Mr. Middaugh.*

For the plaintiff-respondents there was a brief by *J. C. Davis* of Hayward and *Sanborn, Lamoreux & Pray* of Ashland, attorneys, and *Manly P. Thornton* of Worthington, Minnesota, attorney for next of kin defendants and respondents; and the cause was argued orally by *Mr. Davis.*

The following opinions were filed October 16, 1923:

VINJE, C. J. No argument is made upon the incorrectness of the findings, so they stand as verities in the case. The legal questions raised are (a) that the circuit court should not have taken jurisdiction of the case, and (b) that

the circuit court erred in holding the trust to the *Seventh Day Adventist Church* void for uncertainty.

Counsel for appellants rely upon the rule stated in *Pietraszwicz v. Pietraszwicz,* 173 Wis. 523, 529, 181 N. W. 722, to the effect that, though the circuit court has concurrent jurisdiction with the county court, yet the former will refuse to assume jurisdiction unless the lack of power to grant adequate relief in the county court is clearly shown. That is undoubtedly the general rule, but an exception has always been made to cases calling for the construction of wills. Speaking of this exception the court in *Burnham v. Norton,* 100 Wis. 8, 12, 75 N. W. 304, says:

"Jurisdiction of such matters has been uniformly exercised by the circuit court though specially conferred on county courts by statute. So it is said that nothing short of an express statute on the subject can change the practice in that regard." Citing *Catlin v. Wheeler,* 49 Wis. 507, 5 N. W. 935. See, also, *Giblin v. Giblin,* 173 Wis. 632, 182 N. W. 357.

The trial court therefore properly exercised its jurisdiction in trying the case.

Is the bequest to the *Seventh Day Adventist Church* void for uncertainty? It will be seen from the findings of fact that the words "Seventh Day Adventist Church" do not signify any specific incorporated or unincorporated religious body; that there was no Seventh Day Adventist Church in the locality where testator lived; that he was not a member of or an attendant on any Seventh Day Adventist Church; that the officers of local churches consisted of an elder, a deacon, a clerk, a treasurer, and a missionary secretary; that they have no trustees and are unincorporated; that the various local and general organizations are engaged in distributing tracts and literature and that their teachings are not always the same. In view of these facts and others found by the trial court we think its conclusion that the bequest was void for uncertainty was correct. No power

was given to the trustee to select an organization or church. He was required to pay to the "proper trustees." Who were the proper trustees? The local churches had no trustees, but assuming that the word "trustees" meant officers, to what officers should he pay? Had the testator been a member of or attendant upon a local church the inference might arise that he intended his own church to be the beneficiary. But he was not connected with any Seventh Day Adventist Church, local or otherwise. It therefore becomes impossible to designate with any degree of reasonable certainty what Seventh Day Adventist Church, local or general, incorporated or unincorporated, was meant. Neither the trustee nor the court, had they otherwise the power, could determine with reasonable certainty who were the "proper trustees" or the proper church organization to receive payment. In our state the doctrine of *cy pres* does not obtain. *Heiss v. Murphey*, 40 Wis. 276; *Will of Fuller*, 75 Wis. 431, 435, 44 N. W. 304; *Harrington v. Pier*, 105 Wis. 485, 82 N. W. 345. The beneficiary must be designated with reasonable certainty or the trust fails. *Holmes v. Walter*, 118 Wis. 409, 95 N. W. 380. Here it was not so designated and the trust must be held invalid.

We think the case comes well within the decisions of *Heiss v. Murphey, supra; Will of Fuller, supra; Harrington v. Pier, supra*.

· *By the Court.*—Judgment affirmed.

ESCHWEILER, J. (*dissenting*). The will, when read in connection with the testimony taken, seems to me to clearly disclose that the testator had in mind as the primary subject of his bounty the publication and circulation of the printed matter expounding the doctrine of those who class themselves and are classified as Seventh Day Adventists for the furthering of their doctrines. This, under the authorities, is clearly a charitable trust and one that should be upheld wherever possible. He was not so much concerned

with the particular name or form of organization as he was
with the doctrines of the Seventh Day Adventists; it was
the latter to which his bounty was extended much more
than to any particular organization.

It is also quite evident that when making this will he was
not informed of the names or proper designations of the
persons who could best carry out his controlling purpose
and he therefore declares that his trustee shall annually
pay to the "proper" trustees, whomever they shall be, the
designated $1,000, undoubtedly believing that such desig-
nation could, by the time the payments were to be made, be
ascertained by his trustee and thereby be made certain. There
were then and are now, under the testimony and findings,
persons in existence who could properly, by reason of their
connection with the Seventh Day Adventists, carry out the
purpose which he so evidently wanted should be done.

As has been repeatedly said, from the very nature of
such charitable trusts they cannot be as definite and distinct
as trusts for individuals or more particular private purposes.
I can see no more substantial difficulties in the carrying out
of what was the evident intention of the testator in this re-
gard in this will than as to some at least of the provisions in
the trust upheld in *Rust v. Evenson*, 161 Wis. 627, 155
N. W. 145; or in *Giblin v. Giblin*, 173 Wis. 632, 182 N. W.
357; or in *Hood v. Dorer*, 107 Wis. 149, 153, 82 N. W.
546,—it being always the imperative duty of the court to
ascertain, if possible, and then give effect, if possible, to the
intention of a testator. *Will of Dever*, 173 Wis. 208, 210,
180 N. W. 839.

It seems to me clear that the executor of this will would
have little, if any, difficulty in determining that there were
persons connected with either the incorporated conference
located at Washington, D. C., or some of the conferences of
lesser territorial jurisdiction, who could be properly trusted
with the duty of carrying out the expressed wish of the
testator, and that the court should have permitted or re-

quired the trustee to have done so rather than now permitting the property to go contrary to the express declaration of the testator. In the paragraph of his will just preceding the one quoted in the majority opinion, and which, though also challenged, was upheld by the court as being valid, definite, and certain, appears the following:

"For the following express purposes, to wit: to pay bills for medical attendance, nursing, hospital bills, and support of either, each or any (as many as shall come within this provision) of my sister, nephews, or nieces, should either or any of them suffer or experience any serious injury or calamity and be financially in need of assistance. *It being my desire that none of my property go to any of my relatives so long as they are in health and able to make a living for themselves.*"

A motion for a rehearing was denied, with $25 costs, on December 11, 1923.