WILL OF SOUTHARD: SOUTHARD and another, Appellants, vs. WISCONSIN CONGREGATIONAL CONFERENCE, Respondent.

*April 4—May 10, 1932.*

*Robert N. Nelson* of Madison, for the appellants.

For the respondent there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *E. Burgess Ela.*

FRITZ, J. The provision in question bequeaths a legacy "unto the Congregational Sunday School of the State of Wisconsin . . . for its use generally." The trial court, from all of the evidence and surrounding circumstances, concluded that the testatrix intended the bequest under clause three of her will to be paid to the Wisconsin Congregational Conference, the only organization in Wisconsin which is carrying on a state-wide work for the Congregational Sunday schools in this state; and further concluded that the misnomer of the beneficiary did not defeat the gift.

As was repeated in *Will of Scott,* 181 Wis. 607, 195 N. W. 843:

"Where a case is presented for judicial construction, a meaning is to be preferred which will sustain testacy and the provisions of the will rather than to defeat them (p. 610).

"The comprehensive and all-dominating rule in construing wills is that the intention of the testator must be ascertained from the words thereof, in the light of all surrounding circumstances, and that intention be given effect" (p. 608).

In the case at bar the evidence established that no association or organization ever existed under the name of "Congregational Sunday School of the State of Wisconsin." On the other hand, testatrix for twenty-five years had been interested in and an annual contributor to the Congregational Church of Lone Rock, where she resided, and had been superintendent and a teacher of its Sunday school, which she had helped organize in 1900 under the direction of Reverend Whitelaw, who was sent there for that purpose by the state-wide Congregational Church organization, which was the predecessor in activities and name of the Wisconsin Congregational Conference. She had participated in the affairs of that organization and knew of its activities, pursuant to its articles of organization, in the carrying on of such religious, benevolent, educational, and philanthropic work as the Congregational churches of Wisconsin might desire to undertake in common, including the work formerly done by a Congregational Sunday School & Publishing Society, which was reorganized as the Sunday School Department of the Wisconsin Congregational Conference; and but recently she had been informed as to certain work which had been done under the guidance and with the financial support of the Wisconsin Congregational Conference in organizing and maintaining Congregational Sunday schools elsewhere in this state.

·In the light of all of those circumstances, and with no other organization in existence to which the designation used by the testatrix was at all applicable, the court was warranted in concluding that it was the intention of the testatrix that the bequest was to be paid to the Wisconsin Congregational Conference; and that there was no such misnomer of the beneficiary as to defeat the legacy. Those conclusions were well within the decisions in *Will of Scott,* 181 Wis. 607, 195 N. W. 843; *Giblin v. Giblin,* 173 Wis. 632, 182 N. W. 357; *Paulson's Will,* 127 Wis. 612, 107 N. W. 484; *Webster v. Morris,* 66 Wis. 366, 28 N. W. 353.

Those cases, as well as the case at bar, are distinguishable from the situation in *Tharp v. Seventh Day Adventist Church,* 182 Wis. 107, 195 N. W. 331. In that case the misnomer was equally applicable to either of two church organizations, which were not identical in their creeds, and as the testator had not been associated with either and there were no other circumstances to aid in ascertaining his intent, there resulted a fatal ambiguity because no means existed of ascertaining the testator's intention.

*By the Court.*—Order affirmed.