359

TRABER and another, Appellants, vs. RADKE, imp., Respondent.

*January 8—February 4, 1936.*

360

P. F. *Leuch* and *Brooke Tibbs,* both of Milwaukee, for the appellants.

*Herman A. Mosher* of Milwaukee, for the respondent.

FAIRCHILD, J.   Was the possession of the deed acquired by Mrs. Radke after the death of Gustave Krahn, or was the deed in her possession, and the delivery thereof unconditional, prior to his death?   The finding of fact is that the deed was delivered to Mrs. Radke on April 6, 1932, before the death of the grantor, and from that time, Mrs. Radke had manual possession of the instrument, and that there was an unconditional delivery.   This finding, if sustained by the evidence, results in a passing of the title to the premises from the grantor to the grantee on that date.   *Chaudoir v. Witt,* 170 Wis. 556, 170 N. W. 932, 174 N. W. 925.

Appellants claimed that there was no delivery of the deed April 6th, and sought to show that Mrs. Radke obtained possession of the deed after the death of the grantor. They offered evidence of acts and statements on her part which misled her sisters as to the whereabouts of the deed, and which were contradictory to a delivery of the deed as claimed by her. They urge, upon this appeal, that the proper effect was not accorded the evidence, because of the application of a wrong rule of law in considering the evidence. That this resulted in the giving of unwarranted weight to a presumption of delivery arising from the possession of the deed by Mrs. Radke.

The deed was not recorded until after the death of the grantor. It was drawn, and, for upwards of two years after its execution, it remained undelivered. These established facts, however, do not preclude the existence of a presumption of delivery at the time the evidence shows the deed to have been in Mrs. Radke's possession. *Chaudoir v. Witt, supra.* The argument is, that if Mrs. Radke obtained possession after the grantor's death, it would follow that she did not have possession during his lifetime. If Gustave Krahn delivered the deed to Elsie Radke April 6, 1932, the case is at an end. Did the testimony offered by appellants discredit the evidence upon which the finding of timely delivery was made, so as to leave that finding against the great weight and clear preponderance of the evidence? We are of the opinion that this result was not accomplished. True, there were incidents in the record tending in some measure to show a willingness on the part of Elsie Radke to keep from her sisters, knowledge of the transfer of the property to her, and that the deed was in her possession. This attitude on her part was properly considered by the learned trial court. He pointed out that considerable evidence existed indicating secrecy on her part, and deception of her

sisters, but concluded that "in spite of all the testimony of this class, it is satisfactorily established that there was actual and manual tradition of the deeds on April 6, 1932; that the deeds were continually in the possession of the defendant Elsie Radke from that date to the date of the death of Gustave Krahn. These facts are established by the testimony of the defendant Elsie Radke, her husband Albert W. Radke, and her son Edward F. Jungkans. Their testimony is corroborated in part by Vilas L. Rasmussen, an attorney residing in Oconomowoc, who was appointed administrator of the estate of Gustave Krahn."

Unconditional delivery does not, in this case, rest entirely upon a presumption arising from the possession of the deed by Mrs. Radke. There is evidence that when Mrs. Radke's husband and son left with the deed, shortly after the death of the grantor, to take it to Oconomowoc, that this was in accordance with the instructions given by the grantor when he directed them to take the deed to Mr. Rasmussen, his attorney, to have it recorded. That direction, given to the Radkes in the lifetime of Krahn, weighed in connection with the execution of the deed in Mrs. Radke's favor, and the possession of the deed by Mrs. Radke herself, leaves little, if any, room for doubting the existence of a valid transfer, and warrants the inference of possession and delivery drawn by the court.

The observation by the trial court in its memorandum decision that the proof offered by the appellants fell far short of the proof required to establish a fraudulent abstraction of the deed, is the basis of the assignment of error that the court erred "in assuming that plaintiffs 'charged' and had to prove a 'fraudulent' removal and actual 'theft' of the deed after the death of the grantor; in requiring the '*quantum* of proof necessary to establish fraud of so gross a nature;' and in disregarding cumulative evidence as to admissions against

interest, deception, and concealment by defendant, Elsie Radke." There were two propositions being considered, one of possession, and the other of delivery. This did not result in the application of the wrong rule of law as to the weight of evidence bearing upon each actual and specific issue. The court said: "Since the court is satisfied that the deed in question was actually in the possession of the grantee, Mrs. Radke, at the time of the death of Gustave Krahn, and since there is no satisfactory evidence in this case to rebut the presumption of delivery which arises from such possession, the proof offered having fallen far short of the proof required to establish a fraudulent abstraction of the deed, the court must deny the relief prayed for by the plaintiffs." *Giblin v. Giblin*, 173 Wis. 632, 182 N. W. 357.

With reference to the claim that the court assumed that appellants charged fraud when they did not, it may be said that an imputation exists in the evidence of improper abstraction of the deed from the effects of the deceased. Had Mrs. Radke been guilty of such conduct, she would have acted dishonestly, and therefore fraudulently. The court was satisfied by the evidence that possession of the deed had been properly acquired, and in a discussion of the testimony and attitude of appellants, treated with the suggested improper abstraction. There is evidence to sustain the finding that possession of the deed by Mrs. Radke existed April 6, 1932; and it appears from memorandum and findings that the court below was convinced to a reasonable certainty, by a preponderance of the evidence, that the deed was the free act of the grantor; that when he was about to go to the hospital in April, 1932, he put the deed in the possession of the grantee, Elsie Radke, who thereafter retained it.

Nor is the inference of unconditional delivery of the deed, drawn by the trial court from the evidence in this case, unwarranted, because the evidence shows the giving of notice

to quit to a tenant, signed "Gustave Krahn, owner, by Mrs. A. Radke, his agent." Mrs. Radke's understanding of when title vested does not control. The law is that an erroneous belief as to when the property becomes hers does not adversely affect her title. The assumption of one that a deed would not take effect until recorded does not change the consequences resulting from the grantor's deliberate act. *Yates v. Judd,* 18 Wis. *118; *Giblin v. Giblin, supra; Chaudoir v. Witt, supra.*

The trial court has found the existence of facts which support the respondent's claim, and we cannot hold that those findings are against the great weight and clear preponderance of the evidence, or that the judgment was reached by the application of a wrong rule of law.

*By the Court.*—Judgment affirmed.